IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, | ) C/A No. 3:11-2661-JFA-PJG |
|                 Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| State of South Carolina, | ) |
|                 Defendant. | ) |

Plaintiff, Ronald Brunson, ("Plaintiff"), proceeding *pro se*, brings this civil action against the named defendant. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff has brought this suit naming as the sole defendant the State of South Carolina. Plaintiff's Complaint is disjointed, vague, and appears on its face to be comprised of delusional allegations. The court discerns that Plaintiff's primary claim is that the State of South Carolina and Governor Nikki Haley must grant Plaintiff "clemency and relief" and direct this court "to order clemency, and relief in the State of South Carolina. To never uses Federal machine and technologe agan to mine boby and exwife Angie Lee Brunson and our Children and their Children." (ECF No. 1 at 6-7.) The "relief" referred to by Plaintiff also appears to include:

PJG

> restitutions amount is for Federal Bureau of Investigation damageous $42,000,000 forty two million dollars, and Sled SC Law Enforcement Division Disciplinary $40,000,000 forty million dollars, and for C.I.A. Central intelligence Agency $60,000,000 sixty million dollars. This would closure my deterroration disable Mental and Physical health injuries and closure Federal Employee Liability for neglect to sign warrants for injuries and wrongful deaths with other damage.

(Id. at 7.) Plaintiff claims that this restitution is required because:

> retroacting to year 2000 [when] the Governor whom I contacted ordered Sled SC Law Enforcement Division Disciplinary to investigate my complaints til this day Sled is internally investigating me assault with intent to kill with their machine. Federal Bureau of Investigation are involved with Sled using their internal investigating machine assault with intent to kill.

(Id. at 2-3.) Plaintiff also alleges that "Intercity Broadcasting Manager Steve Patterson who Federal Bureau of Investigation taken into custody after I filed complaints Mr. Patterson has illegal intelligent internal machine to my boby at birth implant devices. Assault with intent to kill." (Id. at 3.) Plaintiff claims that the CIA, [the City and/or County of Sumter] Law Enforcement Center, and, again, the FBI have also assaulted him with intent to kill using "internal intelligent machine and technologe." (Id. at 4-5.) Plaintiff alleges that:

> The United States District Court District of South Carolina have lawsuits and enclose documents. To determine restitution money, and Judgement by default, Federal Employee Liability and United States Constitutional and

PJG

agan Stated Clemency, and relief, were violated by listed authorities refused to respond to all F.T.C.A. Federal Tort Claims Act filed Since April 27, 2009. (Id. at 5.)[1]

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

---

[1] The court takes judicial notice of Plaintiff's other current proceedings in this court, in which Plaintiff makes some of the same delusional allegations involving the same entities. See C/A Nos. 11-2659, 11-2660, 11-2662; Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' "). Plaintiff's complaints in three pending cases, i.e. C/A Nos. 11-2314, 11-2313, and 11-2132, have all been recommended for summary dismissal by the assigned United States Magistrate Judge because of Plaintiff's failure to state a claim on which relief may be granted by the court. In previous actions in this court Plaintiff has alleged the same type of fantastic, fanciful, and delusional claims, against some of the same parties, i.e. SLED, FBI, CIA, which have been summarily dismissed as factually and/or legally frivolous. See C/A Nos. 11-3214, 11-3213, 11-3212. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so;

however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The State of South Carolina is immune from Plaintiff's lawsuit. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI.[2] Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Although a State may waive sovereign immunity,

---

[2] Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the United States Supreme Court in Hans v. Louisiana, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this court from granting injunctive relief against the State or its agencies. See Alabama v. Pugh, 438 U. S. 781 (1978); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").



Lapides v. Bd. of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e).  Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).  Accordingly, Plaintiff's claim against Defendant State of South Carolina fails as a matter of law, because this court lacks jurisdiction to hear this case.  Accordingly, Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) because it "fails to state a claim on which relief may be granted," and "seeks monetary relief against a defendant who is immune from such relief."

To the extent that Plaintiff's Complaint could be liberally construed as an attempt to state a claim against the other parties who are alleged to have attempted to harm Plaintiff, the Complaint is still subject to summary dismissal because it violates the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claim against the defendant.  Although the court is bound to liberally construe Plaintiff's *pro se* Complaint, 28 U.S.C. § 1915 accords courts not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss those claims whose factual contentions are clearly baseless.  A plaintiff must do more than make conclusory statements and fantastic, fanciful, and delusional allegations to support his claim.  See Brock v. Angelone, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); Feurtado v. McNair, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June

15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), aff'd, 227 F. App'x 303 (4th Cir. May 15, 2007).  Plaintiff's allegations that he is entitled to restitution and clemency because Intercity Broadcasting Manager Steve Patterson, the CIA, [the City and/or County of Sumter] Law Enforcement Center, the FBI, and SLED have assaulted him with intent to kill using "internal intelligent machine and technologe" are clearly delusional, irrational, and wholly beyond belief.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 21, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).